UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRELLIA BEE,<br>    PLAINTIFF,<br><br>v.<br><br>TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES.<br>    DEFENDANT. | § § § § § § § § § §   CIVIL ACTION NO. 4:22-CV-04394 |

**DEFENDANT TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE TIPTON,

Defendant Texas Department of Family and Protective Services ("DFPS") files this Answer and Defenses to Plaintiff's First Amended Complaint for Employment Discrimination (Dkt. 22). Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles are reproduced in this answer for organizational purposes only; Defendant does not admit any matter contained therein.

***AMENDED ORIGINAL COMPLAINT***

1. Defendant admits Gabrellia Bee is the plaintiff in this matter.

2. Defendant admits this Court has jurisdiction over claims brought under Title VII of the Civil Rights act of 1964.

3. Defendant admits it is an agency of the State of Texas which operates within the Southern District of Texas.

4. Defendant admits it is a person and employer within the meaning of 42 U.S.C. § 2000e.

## STATEMENT OF CLAIMS

5. Defendant admits Plaintiff was hired on January 1, 2007. Defendant is without sufficient information to admit or deny the allegations concerning the number of Legal Assistants II's employed in the DFPS Region 6 litigation department contained in this paragraph of Plaintiff's First Amended Complaint, and therefore, denies it.

6. Defendant denies the allegations in this Paragraph.

7. Defendant denies the allegations in this Paragraph.

    (a) Defendant is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies it.

8. Defendant denies the allegations in this Paragraph.

9. Defendant denies the allegations in this Paragraph.

10. Defendant is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore, denies it.

11. Defendant admits Plaintiff filed a charge of discrimination with Equal Employment Opportunity Commission ("EEOC"). Defendant denies Plaintiff filed an EEOC charge for discrimination on the basis of sex.

12. Defendant denies the EEOC investigated Plaintiff's allegations regarding sex discrimination, as Plaintiff failed to include sex discrimination in her charge. Defendant is without sufficient information regarding any investigation by the EEOC save the solicitation and receipt of the DFPS position statement, and therefore denies it.

13. Defendant denies the allegations in this Paragraph.

    a. Defendant denies the allegations in this Paragraph.

14. Defendant is without sufficient information regarding any investigation by the EEOC save the solicitation and receipt of the DFPS position statement, and therefore denies it. Defendant admits the EEOC issued its Notice of Rights on September 20, 2022, however, Defendant denies the EEOC issued its Notice of Rights concerning sex.

15. Defendant denies the allegations in this Paragraph.

    a. Defendant denies the allegations in this Paragraph.

    b. Defendant denies the allegations in this Paragraph.

    c. Defendant denies the allegations in this Paragraph.

    d. Defendant denies the allegations in this Paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to the extent they may apply:

1. Defendant asserts that it had legitimate, non-discriminatory, and non-retaliatory reasons for all employment actions affecting Plaintiff that she contends were unlawful.

2. Defendant asserts that its decisions and actions regarding Plaintiff were wholly appropriate, and these same decisions and actions would have been taken regardless of any allegedly unlawful motives, including discrimination or retaliation.

3. Defendant affirmatively pleads that DFPS has in place an established anti-discrimination policy and an established anti-harassment policy, which include a complaint procedure to prevent and/or correct any alleged discrimination, harassment, or other unlawful conduct. Plaintiff unreasonably failed to take advantage of this procedure.

4. Defendant affirmatively pleads that it exercised reasonable care and properly corrected any such alleged unlawful behavior or conduct to the extent it occurred.

5. Defendant asserts that Plaintiff has not fulfilled all conditions precedent to the institution of this lawsuit, including administrative prerequisites (*e.g.,* administrative exhaustion under Title VII of the Civil Rights Act of 1964 and/or the notice requirement contained in Section 101.101 of the Texas Civil Practice & Remedies Code) and the applicable statutes of limitation.

6. Defendant asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

7. Defendant asserts the defenses of ratification, waiver, estoppel, and/or laches.

8. Subject to further discovery, Defendant asserts that Plaintiff's damages are limited by the doctrine of after-acquired evidence.

9. Defendant asserts that it acted in good faith and without malice, willfulness, or intent.

10. Defendant asserts that any challenged action, practice, or policy of Defendant had a legitimate business or governmental operations reason.

11. Defendant asserts the affirmative defense of offset and credit for any past or future benefits paid to or on behalf of or received by Plaintiff.

12. Defendant asserts that any damages Plaintiff may allege are subject to applicable statutory caps or specifically denied by statute.

13. Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

14. Defendant asserts Plaintiff's age discrimination claims are barred by sovereign immunity.

Defendant asserts the right to raise additional affirmative and other defenses that become apparent throughout the factual development of this case.

## *PRAYER*

Wherefore, Defendant respectfully asks this Court to enter judgment for Defendant and against Plaintiff, to dismiss Plaintiff's claims against defendant with prejudice, to award the Defendant its costs, and to grant the Defendant such other relief to which hit may be entitled.

Respectfully submitted.

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

*/s/ Farha B. Rizvi*
**FARHA B. RIZVI**
Texas Bar No. 24122999
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4651
FAX: (512) 320-0667
farha.rizvi@oag.texas.gov
**COUNSEL FOR DFPS**

## CERTIFICATE OF SERVICE

      I certify that on September 29, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon:

Mathew C. Ugbana
6776 Southwest Frwy., Suite 225
Houston, Texas 77074
ugbanam@yahoo.com
**Attorney for Plaintiff**

                                        */s/ Farha Rizvi*
                                        **FARHA RIZVI**